UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: Carolyn Brantley,<br><br>                Debtor,<br>_____<br><br>Carolyn Brantley,<br><br>                Appellant,<br><br>v.<br><br>Nationstar Mortgage LLC.,<br><br>                Appellee. | C/A No. 2:24-cv-03603-BHH-MHC<br><br>**REPORT AND RECOMMENDATION** |

       This is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court) filed by Appellant Carolyn Brantley (Appellant). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This Court generally has appellate jurisdiction to hear appeals pursuant to 28 U.S.C. § 158(a).

       The docket number for the Bankruptcy Court action is Case No. 24-00405-eg. The parties must use the civil action number listed above (9:24-cv-03603-BHH-MHC) when they file subsequent documents in this case.

### I.    BACKGROUND

       Appellant filed a Chapter 7 voluntary petition in the Bankruptcy Court on February 2, 2024. Doc. 1.[1]  She filed a motion to convert her Petition from Chapter 7 to Chapter 13 on April 2, 2024. Doc. 41.  Nationstar Mortgage LLC (Nationstar), the named Appellee in this action, filed a notice

---

[1] In this Report and Recommendation, entries on the docket for the case in this Court are referred to as "ECF No. __" and entries on the docket for the Bankruptcy Court case are referred to as "Doc. No.__."

of motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d) on April 22, 2024. Doc. 49. In its motion, Nationstar asserted that it is the holder of a mortgage encumbering Appellant's property in Ridgeland, South Carolina, and that it had not been offered adequate protection for its security interest in the collateral. Doc. 49. On April 25, 2024, the Bankruptcy Court granted Appellant's motion to convert the Petition to Chapter 13. Doc. 50. Nationstar filed an amended motion for relief from the automatic stay on April 29, 2024.[2] Doc. 56. Review of the docket of the bankruptcy case indicates that Appellant did not file any objections to the amended motion for relief from stay. *See* ECF No. 4-1.

On May 6, 2024, Appellant filed a motion for special bond deposit. Doc. 57. The Bankruptcy Court denied the motion on May 9, 2024, and noted that it is difficult to discern Appellant's argument in her Motion.[3] *See* Doc. 59. Appellant appears to argue that she deposited funds with the Bankruptcy Court. However, she did not provide any proof that such funds were deposited. She only submitted General Services Administration (GSA) Standard Forms 25 (Payment Bond) and 28 (Affidavit of Surety), that appear to be used in government contracting actions (not in bankruptcy cases).[4] Appellant filed a motion (Doc. 66) to reconsider the denial of her motion for special bond deposit, and the Bankruptcy Court denied her motion on May 15, 2024 (Doc. 68).

---

[2] The notice specifically informed Appellant that if she did not want the Bankruptcy Court to grant the relief sought, she had to file a written response, return, or objection with the Bankruptcy Court within fourteen days of service of the notice. Doc. 56

[3] Appellant lists various statutes, but has not indicated how they are applicable to her case. Moreover, as correctly noted by the Bankruptcy Court, the statutory provisions cited are either inapplicable or no longer part of the U.S. Code (12 U.S.C. § 95a). *See* Doc. 59.

[4] GSA's website, which contains copies of these forms, specifically contains notices that SF 25 (Performance Bond) and SF 28 (Affidavit of Individual Surety) are "intended for use by government contractors and contracting personnel for compliance with and management of financial security requirements in Federal Government contracts. Any other use is void of purpose." *See* https://www.gsa.gov/reference/forms/performance-bond: https://www.gsa.gov/reference/forms/affidavit-of-individual-surety (last visited Feb. 3, 2025).

The Bankruptcy Court entered an order granting relief from the automatic stay on May 23, 2024. ECF No. 73. Appellant filed a motion to reconsider on June 4, 2024, arguing that her special deposits had been accepted by the Bankruptcy Court. Doc. 78. On June 6, 2024, the Bankruptcy Court denied the motion to reconsider, finding that Appellant failed to respond to the amended motion for relief from stay. Additionally, the Bankruptcy Court noted that Appellant's motion to reconsider was hard to decipher, rehashed some of the same incomprehensible arguments contended in her prior pleadings, and referred to some of the same statutory provisions that were previously determined to be either not applicable or not persuasive as to the positions asserted. Additionally, the Bankruptcy Court found that Appellant did not assert any reason as to why Nationstar did not meet its burden of proof under 11 U.S.C. § 362(g), or provide any support for objecting to the relief sought under 11 U.S.C. § 362(d). Finally, the Bankruptcy Court noted that Appellant could not use a motion to reconsider to make arguments that could have been made before entry of judgment. Doc. 90.

On June 4, 2024, Appellant filed an emergency writ for disbursement of funds. Doc. 88. She filed an application for payment of unclaimed dividends on June 5, 2024. Doc. 84. In her motions, Appellant appeared to request that the Clerk of the Bankruptcy Court make disbursements as to the "special bond deposit." She claimed that, after disbursements, there would be a remaining balance of $801,600 which she demanded be put in a trust account within 72 hours. *See* Docs. 84, 88. On June 5, 2024, the Bankruptcy Court denied the application to pay unclaimed dividends, noting there are no unclaimed funds associated with Appellant and/or her case. Doc. 89. On June 6, 2024, the Bankruptcy Court denied the emergency writ for disbursement of funds, noting that what Appellant submitted, titled an international bill of exchange (Bill),[5] did not appear to be a

---

[5] Appellant apparently submitted the Bill with a copy of a birth certificate and asked that these

form of currency accepted by any financial institution in the United States. The Bankruptcy Court also noted that the request was not grounded in applicable law within that court's jurisdiction and upon which relief could be granted. ECF No. 91.

In a notice of appeal letter from the Bankruptcy Court to Appellant dated June 18, 2024, Appellant was informed that:

> Federal Rule of Bankruptcy Procedure 8009 sets forth the procedure and deadlines for designating the record on appeal. If you need to order transcripts, a Transcript Order Form AO435 is available through the [Bankruptcy] Court's website, www.scb.uscourts.gov.

Doc. No. 107. On June 20, 2024, a Notice of Appeal from the Bankruptcy Court was filed in this Court. ECF No. 1. An Amended Notice of Appeal was filed on July 12, 2024. ECF No. 3.[6]

On July 24, 2024, the Bankruptcy Court filed a "Transmittal of Record on Appeal" in which it was noted that no items were received from Appellant and thus no records on appeal were submitted to this Court. ECF No. 4. Review of the entire bankruptcy court docket indicates that Appellant has not designated the record or submitted a statement of issues. *See In re Brantley*,

---

documents not appear in the public record. They are not part of the publicly available docket. *See* Doc. 82. The Bill to which Appellant refers appears to be part of the United Nations Commission on International Trade Law (UNCITRAL). However, Appellate has presented nothing to indicate that such a note, which only applies to an internation transaction subject to the UNICTRAL convention (which has not been ratified by the United States) applies to her bankruptcy case. *See, e.g., Meier v. US Bancorp*, No. 18-CV-03917-JST, 2019 WL 1865922, at *3 (N.D. Cal. Apr. 25, 2019); *see also In re Walters*, No. 14-10119 (SMB), 2015 WL 3935237, at *3 (Bankr. S.D.N.Y. June 25, 2015) (holding that an International Promissory Note did not "discharge the underlying indebtedness because the Notes were not legal tender. ... The mortgagees bargained for cash, and they are entitled to cash."); *Blocker v. U.S. Bank, N.A.*, 993 N.E.2d 1154, 1157-58 (Ind. Ct. App. 2013) (rejecting mortgagors' effort to discharge mortgage through delivery of an International Promissory Note allegedly drawn on the U.S. Treasury).

[6] The Amended Transmittal of Notice of Appeal states that the Transmittal of Notice of Appeal is amended to include all orders being appealed. ECF No. 3-1. The Amended Notice of Appeal includes copies of the order granting relief from automatic stay filed May 23, 2024 (Doc. 73); order denying application to pay unclaimed dividends entered June 5, 2024 (Doc. 89); order denying motion to reconsider filed June 6, 2024 (Doc. 90); and order denying emergency writ for disbursement of funds and application for payment of unclaimed funds filed June 13, 2024 (Doc. 91). ECF No. 3 at 13-19.

Bankruptcy Petition No. 24-00405-eg (Bankr. D.S.C.).[7]

In her Amended Notice of Appeal, Appellant appears to be asking this Court to find that the Bankruptcy Court orders denying her motion for special bond, denying her emergency writ for disbursement of funds and application for payment of unclaimed funds, and denying reconsideration of these motions be declared void. Appellant does not appear to dispute that she failed to file an objection as to the motion for relief from the automatic stay, and instead, appears to be attempting to assert claims about the servicer of her mortgage. *See* ECF No. 3 at 1.

## II.    DISCUSSION

Dismissal of this Bankruptcy Appeal is recommended for the reasons discussed below.

### A.    Interlocutory Appeals

Before considering the merits of this appeal, the Court must first address whether the appeal is proper. Although final orders of a bankruptcy court are appealable to the district court pursuant to 28 U.S.C. § 158(a)(1) as a matter of right, interlocutory orders and decrees of the bankruptcy court generally require leave of the district court for such appellate review under 28 U.S.C. § 158(a)(3). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *see In re Daufuskie Island Props., Inc.*, 441 B.R. 49, 55 (Bankr. D.S.C. 2010) ("Final orders are those that resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of the parties.") (citing *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987)).

---

[7] A federal court may take judicial notice of the contents of its own records, as well as those records of other courts. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that courts may take judicial notice of other courts' records and proceedings).

The determination of "[w]hat constitutes a final judgment in a bankruptcy proceeding is more forgiving than the standard [that applies] to civil proceedings under 28 U.S.C. § 1291." *In re Rood*, 426 B.R. 538, 546 (D. Md. 2010). "As a general rule, a final judgment under 28 U.S.C. § 1291 is one which ends the litigation ... and leaves nothing for the court to [do] but execute the judgment." *Id.* (internal quotation marks omitted). "An interlocutory order, by contrast, is 'one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits.' " *In re Rood*, 426 B.R. at 546 (quoting *In re Hebb*, 53 B.R. 1003, 1005 (D. Md. 1985)).

To the extent Appellant is challenging the Bankruptcy Court's orders denying her motions for special bond deposit, disbursement of funds, emergency writ, application for payment of unclaimed funds, and/or for reconsideration of those orders, these challenged orders do not appear to determine a cause of action and instead appear to be interlocutory orders that decide intervening matters pertaining to a cause. Thus, because Appellant seeks to appeal interlocutory orders, and not a final order or orders, she cannot appeal these orders "as a matter of right, but instead must apply to the District Court, which has discretion over whether to grant leave to appeal." *Davis v. Taylor*, No. 2:12-cv-3208-RMG-BM, 2012 WL 6055452, at *2 (D.S.C. Nov. 16, 2012), *report and recommendation adopted*, 2012 WL 6085245 (D.S.C. Dec. 6, 2012); *see also In re Swann Ltd. P'ship*, 128 B.R. 138, 139 (D. Md. 1991) (explaining 28 U.S.C. § 158(a) "makes the hearing of interlocutory appeals discretionary by requiring 'leave of court' ").

Leave to appeal a bankruptcy court order "is governed by Federal Rule of Bankruptcy Procedure 8004(d), which provides that "[i]f an appellant timely files a notice of appeal ... but does not include a motion for leave, the district court ... may order the appellant to file a motion for

6

leave, or treat the notice of appeal as a motion for leave and either grant or deny it." *Pub.-Sector Sols., Inc. v. Hunt & Assocs., P.C.*, No. JKB-22-cv-02086, 2022 WL 4104342, at *2 (D. Md. Sept. 8, 2022). Here, Appellant did not request leave to file an interlocutory appeal in this Court as required by 28 U.S.C. § 158(a)(3). However, even if Appellant's Notice of Appeal is construed as a motion for leave to appeal an interlocutory order or orders of the Bankruptcy Court,[8] the request should be denied.

"Under § 158(a), the decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995). "[I]nterlocutory appeals are generally disfavored and should be reserved for a narrow question of pure law whose resolution will be completely dispositive of the litigation." *Pieterse v. Tyler Donegan Duncan Real Est. Servs., Inc.*, No. 8:22-cv-00900-PX, 2022 WL 13937215, at *3 (D. Md. Oct. 24, 2022) (internal quotation marks omitted). In deciding whether to grant leave in a particular case, "district courts regularly look by analogy to the standard announced in 28 U.S.C. § 1292(b), which governs interlocutory appeals in non-bankruptcy cases." *In re Health Diagnostic Lab'y, Inc.*, No. 3:17-cv-297, 2017 WL 2129849, at *2 (E.D. Va. May 16, 2017); *see also France v. United States Tr.*, No. 2:20-cv-04199-BHH-MHC, 2022 WL 494118, at *4 (D.S.C. Jan. 27, 2022) ("When evaluating a motion for leave to appeal under 28 U.S.C. § 158(a)(3), district courts in the Fourth Circuit employ the same basic analysis used to evaluate a motion for leave to appeal under 28 U.S.C. § 1292(b)."), *report and recommendation adopted*, 2022 WL 486997 (D.S.C. Feb. 17, 2022). "[U]nder § 1292(b), leave to file an interlocutory appeal should be granted only where (i) the order involves a controlling question of law, (ii) as to which

---

[8] *See* Fed. R. Bankr. P. 8004(d); *see also Milic v. McCarthy*, 469 F. Supp. 3d 580, 581 (E.D. Va. 2020) (treating notice of appeal as a motion for leave to appeal pursuant to Rule 8004(d)).

7

there is substantial ground for difference of opinion, and (iii) immediate appeal would materially advance the termination of the litigation." *Chesapeake Appalachia, LLC v. Suppa*, No. 1:14-cv-159, 2015 WL 12755624, at *3 (N.D.W. Va. Oct. 15, 2015) (internal quotation marks and citation omitted). "[B]ecause § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005).

Here, Appellant fails to meet the three-part test for determining when an interlocutory appeal should be granted. The Bankruptcy Court's orders denying Appellant's requests for special bond deposit, disbursement of funds, emergency writ, application for payment of unclaimed funds, and/or reconsideration of these orders fail to meet all three parts of the test for determining when an interlocutory appeal can be granted. These orders involve no controlling question of law for which there is a substantial ground for a difference of opinion. Nor would an immediate appeal of any of these Orders material advance the termination of Appellant's bankruptcy case. Accordingly, the Court should decline to decide this appeal from the Bankruptcy Court's interlocutory orders.[9]

B.    Frivolous Allegations

Even if this is not an interlocutory appeal, the appeal should be dismissed as frivolous. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (dismissing bankruptcy appeal as frivolous). The Court may review a case, such as this one, for frivolousness or malice and look to see whether a pleading raises an

---

[9] To the extent Appellant is attempting to appeal the denial of the automatic stay or reconsideration of the denial, this does not appear to be an interlocutory appeal. However, as noted above, Appellant does not advance any cognizable argument as to why those orders should be overturned. Moreover, to the extent Appellant is attempting to appeal that order or the order to reconsider, she has pointed to no clear error as to the Bankruptcy Court's findings and has not pointed to any error as to its conclusions of law. *See In re Merry-Go-Round Enters, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005) (noting that a bankruptcy court's factual findings are reviewed for clear error and questions of law are reviewed de novo).

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004). The Court must accept all well-pled allegations and review the pro se pleading in a light most favorable to the moving party. *Mylan Lab'y, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Nevertheless, it is well-settled that the Court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The Court has inherent authority to *sua sponte* dismiss a frivolous appeal brought by a pro se litigant. *See, e.g., Pillay v. I.N.S.*, 45 F.3d 14, 17 (2d Cir. 1995) ("[C]ourt has inherent authority ... to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration"); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.")

Appellant's arguments in her Amended Notice of Appeal, as well as in the documents filed in the Bankruptcy Court that form the basis for her appeal, are clearly frivolous. She advances theories based on her contention that the GSA forms and Bill she filed in the bankruptcy court and the statutes and United Nations convention she cites entitle her to a disbursement of money. However, as noted above, the forms, Bill, cited statutes, and the United Nations convention are simply not applicable to her bankruptcy case. Moreover, Appellant has asserted no facts to indicate that such funds were actually deposited with the Bankruptcy Court.

Additionally, although Appellant does not specifically identify herself as a sovereign citizen, her Amended Notice of Appeal and documents filed in the Bankruptcy Court contain

arguments that appear to espouse redemption or sovereign citizen theories. In particular, she appears to cite to the Uniform Commercial Code and UNCITRAL. Adherents to the sovereign citizen theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013) (collecting cases describing the sovereign citizen movement and its common features), *report and recommendation adopted*, 2013 WL 1342539 (D.S.C. Apr. 2, 2013). Federal courts have repeatedly rejected the sovereign citizen theory as baseless. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status ... as a 'sovereign citizen' ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *Williams v. PennyMac Loan Servs.*, No. 3:23-cv-05063-MGL-SVH, 2023 WL 7742736, at *2–4 (D.S.C. Oct. 25, 2023) (dismissing sovereign citizen redemption theory claims premised on an incorrect assumption that submitting certain paperwork or taking certain actions (in lieu of paying money) would settle a given debt (internal citation omitted)), *report and recommendation adopted*, 2023 WL 7702681 (D.S.C. Nov. 15, 2023); *Hennis v. Trustmark Bank*, No. 2:10-20-KS-MTP, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous.").

C.    <u>Failure to Designate the Record and Provide a Statement of Issues</u>

Alternatively, it is recommended that this action be dismissed for Appellant's failure to designate the record and issues. Rule 8009 of the Federal Rules of Bankruptcy Procedure requires

that an appellant file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented. This Rule also specifically lists what must be included in the record on appeal and addresses the ordering of any transcript. *See* Fed. R. Bankr. P. 8009. If an appellant fails to designate the record in a timely fashion, the Court has discretion to dismiss the appeal. *See* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court ... to act as it considers appropriate, including dismissing the appeal."). "The Court is not obligated, however, to impose such a harsh sanction for a procedural misstep." *In re Silver Spring Family Med. Ctr., LLC*, 550 B.R. 286, 290-91 (D. Md. 2016) (citing *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995)).

It is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). However, before a court may dismiss an appeal for violation of a procedural rule, it must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (citation omitted).

In the Bankruptcy Court's notice of appeal letter dated November 7, 2024, Appellant was notified that Rule 8009 set forth the procedures and deadlines for designating the record on appeal. The Transmittal of Record on Appeal that was sent to Appellant, also noted that no items were received from Appellant. Here, Appellant appears to be negligent in not providing these items. It also appears she is acting in bad faith to delay the bankruptcy proceedings. She did not timely

11

respond to amended motions for relief from stay, but instead filed frivolous motions for special bond deposit, emergency writ for disbursement of funds, an application to pay unclaimed dividends, and motions to reconsider orders denying these motions. Appellant filed this appeal that appears to be premised on her frivolous assertion that she deposited over $600,000 of funds with the Bankruptcy Court. *See In re Weiss*, 111 F.3d at 1173 (holding that bad faith may be inferred from an appellant's "overall behavior ... throughout the procedure"). Without a designation of the record and submission of a statement of issues to be presented, it appears that there is no appropriate sanction short of dismissal. Based on the foregoing, the undersigned recommends in the alternative that Appellant's appeal be dismissed for not designating the record and submitting a statement of the issues to be presented *See* Fed. R. Bankr. P. 8003*; In re Serra*, 970 F.2d at 1311; *In re Weiss*, 111 F.3d at 1173.

D.      Permanent Writ of Mandamus and Prohibition

Appellant also filed a pleading titled Permanent Writ of Mandamus and Prohibition. At the top of her document she wrote "United States Court of Appeals For the Fourth Circuit[.]" ECF No. 5. To the extent Appellant is asking this Court to grant mandamus relief, it is recommended that her request be denied. Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516–17 (4th Cir.2003). Further, mandamus relief is available only when the movant has a clear right to the relief sought. *See In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir.1988). As discussed above, Appellant has not shown a clear right to any relief sought.

### III.  RECOMMENDATION

Accordingly, it is recommended that this bankruptcy appeal be dismissed.

**Appellant's attention is directed to the important notice on the following page.**

_____
Molly H. Cherry
United States Magistrate Judge

February 5, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).