IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: Carolyn Brantley,            )<br>                                                    )<br>            Debtor,              )<br>_____ )<br>                                                    )<br>Carolyn Brantley,                       )<br>                                                    )<br>            Appellant,            )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>Nationstar Mortgage LLC,           )<br>                                                    )<br>            Appellee.             )<br>_____ ) | Civil Action No. 2:24-cv-3603-BHH<br><br><br><br><br><br>**ORDER** |

  This matter is before the Court upon Appellant Carolyn Brantley's ("Appellant") *pro se* appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review, and this Court generally has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).

  On July 24, 2024, a Notice of Appeal from the Bankruptcy Court was filed in this Court, and an Amended Notice of Appeal was filed on July 12, 2024. (ECF Nos. 1, 3.) On July 24, 2024, the Bankruptcy Court filed a "Transmittal of Record on Appeal" in which it noted that no items were received from Appellant and thus no records on appeal were submitted in this Court. (ECF No. 4.)

  On February 5, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this bankruptcy appeal because Appellant appears to challenge interlocutory orders and not final orders

of the Bankruptcy Court and because Appellant fails to meet the three-part test that courts consider when determining when to grant leave to file an interlocutory appeal.  Additionally, the Magistrate Judge explains that, even if this is not an interlocutory appeal, the appeal is clearly frivolous.  The Magistrate Judge further explains that it is subject to dismissal based on Appellant's failure to designate the record and provide a statement of issues.  With respect to Appellant's "Permanent Writ of Mandamus and Prohibition, the Magistrate Judge recommends denying mandamus relief because Appellant has not shown a clear right to any relief sought.  (ECF No. 6.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 6), and the Court dismisses this bankruptcy appeal for the reasons set forth by the Magistrate Judge**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 27, 2025
Charleston, South Carolina